IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION | |
| **Plaintiff,** | |
| v. | 1:06-cv-1666-WSD |
| COMPUTER IMAGING SERVICES, INC.; STEVE PLOURD; AND MIKE RILEY | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendants Computer Imaging Services, Inc., Steve Plourd and Mike Riley's ("Defendants") Motion to Open Default. (Mot. to Open Default [12].)

### I.      BACKGROUND

On July 14, 2006, Plaintiff Microsoft Corporation ("Plaintiff") filed this patent infringement suit against Defendants, alleging that Defendants distributed counterfeit and infringing Microsoft software. On August 21, 2006, the Court entered an order granting Defendants an extension of time until September 5, 2006 to file an Answer. Defendants did not file an Answer within the time provided. On

November 29, 2006, Plaintiff filed a Motion for Clerk's Entry of Default, and the Clerk entered default against Defendants on November 30, 2006. (Mot. for Default [11].) On December 13, 2006, Defendants filed both their Answer and a Motion to Open Default, arguing that they mistakenly believed they continued to have an extension of time to answer and that their default was not wilful. Defendants also stated that Plaintiff's counsel agreed not to oppose the motion. Plaintiff has not filed an opposition to Defendants' Motion, and pursuant to Rule 7.1(B) of the Local Rules of the Court, the motion is deemed unopposed. See L.R. 7.1(B), N.D.Ga.

## II.  DISCUSSION

Default always may be set aside for good cause shown. See Fed. R. Civ. P. 55(c). Courts consider several factors in determining whether the defaulting party has shown good cause for the setting aside of a default, including "whether the party has a meritorious defense, how promptly the party acted to cure the default, whether the default was willful, and whether the non-defaulting party would be prejudiced." Ochoa v. Principal Mut. Ins. Co., 144 F.R.D. 418, 420 (N.D. Ga. 1992). There is a strong policy of determining cases on their merits, and judgments by default are viewed with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d

1291, 1295 (11th Cir. 2003) (citing Gulf Coast Fans, Inc. v. Midwest Elec. Importers, Inc., 740 F.2d 1499 (11th Cir. 1984)).

Defendants Plourd and Riley, both officers of Defendant Computer Imaging Services, submitted affidavits stating that prior to receiving the default motion, they mistakenly believed they had an extension of time to file an answer and that they would continue to have an extension while they retained counsel. (Plourd Aff., at ¶ 6-8, Riley Aff., at ¶ 6-8.)  The default does not appear to have been willful.  This case is in its early stages and Defendants acted promptly to cure the default.  Plaintiff's counsel does not oppose the motion.  Considering these factors, and in view of the strong policy in favor of determining cases on their merits, the Court finds there exists good cause to set aside the default.

### III. CONCLUSION

Accordingly,

Defendants' Motion to Open Default [12] is **GRANTED.**  The Clerk is **DIRECTED** to set aside the default entered against Defendants on November 29, 2006.

**SO ORDERED** this 7th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE